[No. A028019. First Dist., Div. Three. May 13, 1985.]

DEPARTMENT OF HEALTH SERVICES, Plaintiff and Respondent, v. EDWARD J. FONTES, as Executor, etc., Defendant and Appellant.

COUNSEL

Machado & Machado and Robert A. Machado for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Charlton G. Holland and Catherine M. Van Aken, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

SCOTT, J.—The sole question in this appeal is whether Welfare and Institutions Code section 14009.5[1] authorizes respondent Department of Health Services to claim reimbursement for Medi-Cal benefits from the estate of a Medi-Cal recipient, when the recipient died after the effective date of the statute, but the benefits were received before the effective date of the statute.

The facts here are not in dispute, Evelyn Fontes received $20,501.01 in Medi-Cal benefits from May 1, 1977, to June 28, 1981, and $3,402.02 in Medi-Cal benefits from June 28, 1981, until her death on November 16, 1981. Then respondent filed a creditor's claim against the Fontes estate for $23,903.03, the total amount of Medi-Cal benefits received by the decedent. This claim was rejected by appellant executor of the estate and the present action was filed by respondent to enforce that claim. The trial court granted summary judgment in respondent's favor; this appeal followed.

 Section 14009.5 was enacted effective June 28, 1981. (Stats. 1981, ch. 102, § 101, p. 738; amended by Stats. 1981, ch. 1163, § 3, pp. 4654-4655, eff. Oct. 2, 1981.) It created a right in respondent to claim against

[1]Unless otherwise indicated, all statutory references are to the Welfare and Institutions Code.

the estates of Medi-Cal recipients an amount equal to payments for health care services received, except where the recipient was under age 65 when services were received or where there is a surviving spouse or a blind, disabled, or minor surviving child.

Respondent claims that all Medi-Cal benefits, whenever received, are subject to this legislation where the recipient dies, and the estate comes into existence, after the effective date of the statute. Appellant contends that only Medi-Cal benefits received after the effective date of the statute are subject to the claim for reimbursement.

■ "The construction of a statute by the officials charged with its administration must be given great weight." (*Worthington* v. *Unemployment Ins. Appeals Bd.* (1976) 64 Cal.App.3d 384, 389 [134 Cal.Rptr. 507].) ■ But unless the Legislature has clearly expressed an intention that a statute be applied retroactively, that statute must be given prospective application only. (*DiGenova* v. *State Board of Education* (1962) 57 Cal.2d 167, 172-174 [18 Cal.Rptr. 369, 367 P.2d 865].) ■ In this instance, the Legislature did not express any intention to make this statute retroactive. Therefore, the question before us is whether application of section 14009.5 to benefits received before the effective date of the statute, claimed from an estate which arose after the effective date of the statute, constitutes an unauthorized retroactive application.

■ A statute is not retroactive in its application merely because it draws upon antecedent facts for its operation. (*Burks* v. *Poppy Construction Co.* (1962) 57 Cal.2d 463, 474 [20 Cal.Rptr. 609, 370 P.2d 313]; *Gordon H. Ball, Inc.* v. *State of California* ex rel. *Dept. Pub. Wks.* (1972) 26 Cal.App.3d 162, 168 [102 Cal.Rptr. 637].) The "ultimate test" is whether the statute as applied changes the legal effect of past transactions. (*Coast Bank* v. *Holmes* (1971) 19 Cal.App.3d 581, 595 [97 Cal.Rptr. 30]; *Aetna Cas. & Surety Co.* v. *Ind. Acc. Com.* (1947) 30 Cal.2d 388, 394 [182 P.2d 159].) Application of a statute which changes existing rights would be retroactive because the legal effects of past events would be changed. (*Aetna Cas. & Surety Co., supra,* at p. 394; *Perry* v. *Heavenly Valley* (1985) 163 Cal.App.3d 495, 503-504 [209 Cal.Rptr. 771].) But a statute's application which merely affects procedures to be followed in the future, is prospective because it does not deprive a person of any right which he or she had prior to the effective date of the statute. (*Perry, supra,* at p. 504; *Hogan* v. *Ingold* (1952) 38 Cal.2d 802, 812 [243 P.2d 1, 32 A.L.R.2d 834].)

■ In this case, appellant concedes that section 14009.5 did not impose any liability on the Medi-Cal recipient, but contends that it unconstitutionally impaired a contract for receipt of those benefits. (Cal. Const., art. I,

§ 9.) However, section 14002 expressly provides that no Medi-Cal recipient shall have any claim for compensation or otherwise because his or her service is affected in any way by any amending, repealing, or supplemental legislative act. There is, therefore, no contractual right to those benefits.

██ This statute merely affected the distribution of a Medi-Cal recipient's estate. ██ Testamentary disposition, as well as intestate succession, is a creature of statute and is controlled by the law in effect as of the date of the death. (*Estate of Phillips* (1928) 203 Cal. 106, 109-110 [263 P. 1017]; *Estate of Barton* (1925) 196 Cal. 508, 514 [238 P. 681]; *Estate of Carlson* (1970) 9 Cal.App.3d 479, 481 [88 Cal.Rptr. 229, 41 A.L.R.3d 825].) ██ Therefore, any right which the Medi-Cal recipient had in the disposition of her estate was *defined,* in part, by section 14009.5, in effect at the time of her death. Moreover, this statute did not affect any existing rights held by the Medi-Cal recipient's estate because such an entity did not even come into existence until the time of her death.

The application of this statute to estates which arose after its effective date did not affect any existing rights and accordingly, had no impermissibly retroactive effect, even where the benefits had been received prior to its effective date. Appellant's contentions to the contrary are unpersuasive.

Judgment is affirmed.

White, P. J., and Merrill, J., concurred.