[No. F004812. Fifth Dist. Nov. 6, 1985.]

DEDRICK SHELTON, a Minor, etc., et al., Plaintiffs and Appellants, v. FRESNO COMMUNITY HOSPITAL et al., Defendants; THE STATE OF CALIFORNIA, Real Party in Interest and Respondent.

40

## COUNSEL

Bostwick & Tehin and Scott D. Righthand for Plaintiffs and Appellants.

No appearance for Defendants.

John K. Van de Kamp, Attorney General, Elisabeth C. Brandt and Margaret A. Rodda, Deputy Attorneys General, for Real Party in Interest and Respondent.

## OPINION

**BEST, J.**—The question presented on this appeal is whether Welfare and Institutions Code[1] section 14009.5 bars the State Department of Health Services (hereafter Medi-Cal) from recovering from the proceeds of a wrongful death settlement amounts expended for medical services rendered to plaintiffs' decedent prior to her death. We will conclude that it does not.

### PROCEDURAL AND FACTUAL BACKGROUND

Gail Foster entered Fresno Community Hospital on January 14, 1979, for the treatment of asthma. As a result of the negligent care she received, Gail

---

[1]All statutory references are to the Welfare and Institutions Code unless otherwise indicated.

Foster suffered severe brain damage and dementia. She thereafter lived primarily in state hospitals until her death in 1981. Medi-Cal had expended approximately $23,149.15 in medical care for Gail Foster prior to her death. Gail Foster's sole surviving heirs are her 11-year-old son, Dedrick Shelton, and her husband, Neadly Foster.

On March 26, 1982, plaintiffs, Dedrick Shelton and Neadly Foster, filed a complaint for damages against Fresno Community Hospital and Abraham Dunn, Jr., M.D. The first cause of action was brought on behalf of plaintiffs Dedrick Shelton and Neadly Foster and alleged damages for the wrongful death of Gail Foster.

The second cause of action was by Neadly Foster as special administrator of the estate of Gail Foster and sought damages authorized by Probate Code section 573.[2] After the complaint was filed, Medi-Cal formally notified plaintiffs' attorneys that the amount of their medical lien was $17,361.86.

The parties to the suit ultimately submitted a petition for compromise and settlement to the Fresno County Superior Court for approval. According to the terms of the settlement, Fresno Community Hospital and Abraham Dunn agreed to pay to the heirs of Gail Foster $215,000 to compensate for death claims, costs and attorney fees. The settlement also states, "From these sums shall be paid any valid and legally recoverable claim for the care and treatment rendered to Gail Foster prior to her death." Fresno Community Hospital and Abraham Dunn also agreed to pay a total sum of $1,920,236 to Dedrick Shelton as compensation for his claim of wrongful death. The sum is to be paid out in payments throughout the life of Dedrick Shelton.

Neadly Foster had sued in his individual capacity and as the special administrator of the estate of Gail Foster. In the petition, Foster requests that no sum be apportioned to the estate respecting the claims of the estate. The petition also notes that Medi-Cal claimed an outstanding lien for the care it provided to the deceased, Gail Foster. The settlement requests the court to nullify the lien and refers the court to its accompanying petition to extinguish the lien. In their petition to extinguish the lien, plaintiffs contend Medi-Cal is barred from claiming reimbursement by the provisions of section 14009.5. Medi-Cal, in turn, alleges its claim is valid pursuant to section 14124.70 et seq. and that section 14009.5 is inapposite. We will hold the

---

[2] Probate Code section 573 provides in pertinent part: "When a person having a cause of action dies before judgment, the damages recoverable by his executor or administrator are limited to such loss or damage as the decedent sustained or incurred prior to his death, including any penalties or punitive or exemplary damages that the decedent would have been entitled to recover had he lived, and shall not include damages for pain, suffering or disfigurement."

trial court was correct in denying plaintiffs' petition to extinguish Medi-Cal's lien on the settlement proceeds.

DISCUSSION

*Does section 14009.5 act as a bar to Medi-Cal's lien on the settlement proceeds?*

■ Medi-Cal's authority to seek reimbursement from plaintiffs is found in section 14124.70 et seq. dealing with third party liability situations. At the time of Gail Foster's death, section 14124.71 provided: "(a) When benefits are provided or will be provided to a beneficiary under this chapter because of an injury for which another person is liable, or for which a carrier is liable in accordance with the provisions of any policy of insurance issued pursuant to Insurance Code Section 11580.2, the director shall have a right to recover from such person or carrier the reasonable value of benefits so provided. The Attorney General, or counsel for the fiscal intermediary under the Medi-Cal program with the permission of the Attorney General, or a county through its civil legal adviser, may, to enforce such right, institute and prosecute legal proceedings against the third person or carrier who may be liable for the injury in an appropriate court, either in the name of the director or in the name of the injured person, his guardian, conservator, personal representative, estate, or survivors.

"(b) The director may:

"(1) Compromise, or settle and release any such claim, or

"(2) Waive any such claim, in whole or in part, for the convenience of the director, or if the director determines that collection would result in undue hardship upon the person who suffered the injury, or in a wrongful death action upon the heirs of the deceased.

"(c) No action taken in behalf of the director pursuant to this section or any judgment rendered in such action shall be a bar to any action upon the claim or cause of action of the beneficiary, his guardian, conservator, personal representative, estate, dependents, or survivors against the third person who may be liable for the injury, or shall operate to deny to the beneficiary the recovery for that portion of any damages not covered hereunder."

In the case at bench, pursuant to section 14124.71, subdivision (a), Medi-Cal has the right to reimbursement for medical costs expended on the care of Gail Foster from Fresno Community Hospital and Abraham Dunn in this

wrongful death action. The facts of the case indicate that the hospital and doctor were responsible for the injuries suffered by Gail Foster and that Medi-Cal did provide benefits to Gail Foster prior to her death. That Medi-Cal's right to reimbursement applies when the heirs sue a third party for wrongful death is amply supported by section 14124.71, subdivision (b)(2), which provides Medi-Cal may waive any claim "in a wrongful death action upon the heirs of the deceased" and section 14124.72, subdivision (b), which provides, "The death of the beneficiary does not abate any right of action established by Section 14124.71."

■ Medi-Cal's claim for reimbursement need not be brought directly against the third party tortfeasor. Medi-Cal may seek reimbursement by claiming against the settlement or judgment procured by an heir who sues a third party for wrongful death. Section 14124.72 provides in pertinent part: "(c) When an action or claim is brought by persons entitled to bring such actions or assert such claims against a third party who may be liable for causing the death of a beneficiary, any settlement, judgment or award obtained is subject to the director's claim for reimbursement of the benefits provided to the beneficiary under the Medi-Cal Program."

■ Plaintiffs rely on section 14009.5 for their contention that Medi-Cal is barred from asserting its lien. That reliance is misplaced.

Section 14009.5 provides: "Notwithstanding any other provision of this chapter, when a decedent has received health care services under this chapter or Chapter 8 (commencing with Section 14200) the department may claim against the estate of the decedent, or against any recipient of the property of that decedent by distribution or survival an amount equal to the payments for the health care services received. The department may not claim where the eligible person was under 65 when services were received, or where there is a surviving spouse, or where there is a surviving child who is under age 21 or who is blind or permanently and totally disabled, within the meaning of the Social Security Act.

"The department may waive its claim, in whole or in part, if it determines that enforcement of the claim would result in substantial hardship to other dependents of the individual against whose estate the claim exists." Section 14009.5 indicates clearly and unambiguously that its provisions apply only when Medi-Cal makes a claim of reimbursement against the estate of a decedent. A recent Court of Appeal decision recognized that section 14009.5 "*created a right in respondent to claim against the estates of Medi-Cal recipients* an amount equal to payments for health care services received, except where the recipient was under age 65 when services were received or where there is a surviving spouse or a blind, disabled, or minor

surviving child." (*Department of Health Services* v. *Fontes* (1985) 169 Cal.App.3d 301, 303-304 [215 Cal.Rptr. 14], italics added.)

In the present case, the prohibitory language of section 14009.5 is inapplicable, since Medi-Cal has not made a claim for reimbursement against the estate of Gail Foster "or against any recipient of the property of that decedent by distribution or survival." Medi-Cal's claim is against the settlement proceeds from a wrongful death action. ■ Code of Civil Procedure section 377 provides that when the death of a person is caused by the wrongful act or neglect of another, the person's heirs may maintain an action for damages against the wrongdoer. " 'It is settled by the decisions that an action of the character authorized by section 377 . . . is one solely for the benefit of the heirs, by which they may be compensated for the pecuniary injury suffered by them by reason of the loss of their relative . . . .' " (*Steed* v. *Imperial Airlines* (1974) 12 Cal.3d 115, 122 [115 Cal.Rptr. 329, 524 P.2d 801, 68 A.L.R.3d 1204].) ■ Clearly then, a recovery in a wrongful death action may not be deemed a part of the estate of a decedent. As the California Supreme Court noted in *Steed*, "a recovery in a wrongful death action was not a recovery of a portion of the estate or for the injuries inflicted on the decedent, but rather for injuries actually suffered by the heirs of the decedent by reason of the latter's death." (*Ibid.*) Furthermore, by the explicit terms of the settlement agreement, none of the settlement proceeds were to be apportioned to the estate of Gail Foster.

■ In the case at bench, the heirs and their attorneys were fully aware of Medi-Cal's claim for reimbursement prior to the settlement. In fact, the settlement contemplated claims such as that of Medi-Cal by providing that from the up-front cash payment of $215,000 there "shall be paid any valid and legally recoverable claim for the care and treatment rendered to Gail Foster prior to her death."

The order denying plaintiffs' petition to extinguish state medical lien is affirmed.

Hanson (P. D.), Acting P. J., and Woolpert, J., concurred.