[No. D053732. Fourth Dist., Div. One. May 15, 2009.]

Conservatorship of the Person of AMANDA B.
SAN DIEGO COUNTY HEALTH AND HUMAN SERVICES AGENCY,
Petitioner and Respondent, v.
AMANDA B., Objector and Appellant.

[CERTIFIED FOR PARTIAL PUBLICATION*]

---

*Pursuant to California Rules of Court, rule 8.1110, this opinion is certified for publication with the exception of part III.B.

**COUNSEL**

Neale B. Gold for Objector and Appellant.

John J. Sansone, County Counsel, William A. Johnson, Jr., and B. George Seikaly, Deputy County Counsel, for Petitioner and Respondent.

OPINION

AARON, J.—

I.

INTRODUCTION

Conservatee Amanda B. appeals from a postjudgment order denying her petition for a rehearing on her status as a conservatee and denying her request to modify the disabilities that the trial court imposed as part of the judgment reestablishing Amanda's conservatorship. After the court reestablished Amanda's conservatorship and imposed a number of special disabilities on Amanda, she filed two petitions for rehearing, one in which she sought to challenge her status as a conservatee, and another in which she challenged the trial court's imposition of special disabilities pursuant to Welfare and Institutions Code[1] section 5357, including the court's decision to deny her (1) "[t]he privilege of possessing a license to operate a motor vehicle," (2) the right to contract, and (3) the right to refuse or consent to medical treatment. (§ 5357, subds. (a), (b), (d), (e).) The trial court denied Amanda's petition for a rehearing on her status as a conservatee, but held a hearing on the issue of the special disabilities. After the hearing, the trial court denied Amanda's request to remove the special disabilities.

On appeal, Amanda contends that there is insufficient evidence to support the trial court's denial of her request to be allowed to have a driver's license, to enter into contracts, and to make her own medical decisions. She further contends that the trial court erred in denying her petition for a rehearing on her status as a conservatee on the ground that she had not waited six months from the time of the establishment of her conservatorship to file the petition.

We conclude that there is substantial evidence to support the trial court's order denying Amanda's request for modification, and affirm that portion of the order. However, we reverse the court's order insofar as it denies on procedural grounds Amanda's petition for rehearing regarding her status as a conservatee.

---

[1] Further statutory references are to the Welfare and Institutions Code unless otherwise indicated.

## II.

## FACTUAL AND PROCEDURAL BACKGROUND

On February 19, 2008, the San Diego County Public Conservator filed a petition to reestablish the conservatorship of Amanda under the Lanterman-Petris-Short Act (LPSA).[2] On June 4, 2008, a jury found Amanda to be gravely disabled. That same day, the trial court entered a judgment reestablishing Amanda's conservatorship and imposing special disabilities on Amanda, including denying her the privilege of having a driver's license, denying her the right to enter into contracts, and denying her the right to make decisions regarding her medical care.[3]

On July 1, 2008, Amanda filed a petition for rehearing as to the finding that she is unable to provide food, clothing or shelter for herself. On July 29, Amanda filed a second petition for rehearing in which she sought to modify the judgment with regard to her right to possess a license to operate a motor vehicle, to enter into contracts, and to make medical decisions pertaining to her own care, presumably pursuant to section 5358.3.[4] The trial court scheduled a hearing with respect to both matters for August 14, 2008.

On August 14, without holding a hearing, the trial court denied Amanda's first petition for rehearing, in which she challenged the finding regarding her inability to provide food, clothing, and/or shelter for herself pursuant to section 5364. Relying on *Henreid v. Superior Court* (1976) 59 Cal.App.3d 552 [130 Cal.Rptr. 892] (*Henreid*), the court ruled that the petition for rehearing regarding Amanda's status as a conservatee was premature because she filed the petition before six months had elapsed from the time of the establishment of the conservatorship.

The court held a contested hearing as to Amanda's section 5358.3 petition for rehearing in which she sought modification of the disabilities that the court had imposed. Dr. Matthew Carroll testified on behalf of the public conservator regarding Amanda's specific disabilities. Dr. Carroll testified that

---

[2] Section 5000 et seq.

[3] Amanda separately appealed from this judgment.

[4] Section 5358.3 provides: "At any time, a conservatee or any person on his behalf with the consent of the conservatee or his counsel, may petition the court for a hearing to contest the rights denied under Section 5357 or the powers granted to the conservator under Section 5358. However, after the filing of the first petition for hearing pursuant to this section, no further petition for rehearing shall be submitted for a period of six months." Although Amanda does not refer specifically to this statutory provision in her petition for rehearing, this provision authorizes a conservatee to seek a rehearing to modify the special disabilities imposed pursuant to section 5357—disabilities that include limitations on the privilege to possess a driver's license, the right to enter into contracts, and the right to refuse or consent to medical treatment.

it was his opinion that Amanda was not capable of making medical decisions regarding her mental and physical illnesses. Dr. Carroll further testified that Amanda should not be permitted to enter into contracts because her delusional thinking made her vulnerable to the possibility that people would take advantage of her. He also testified that he did not believe it would be safe to permit Amanda to drive, and that she should therefore not be allowed to possess a driver's license.

Amanda testified in her own behalf. She said that she would go to the doctor and continue seeing a psychiatrist if she were given the opportunity to make her own medical decisions. Amanda's attorney argued that she should be given the right to enter into contracts, to drive, and to make her own medical and mental health decisions.

After hearing testimony and considering documentary evidence, the trial court denied Amanda's request for modification of her disabilities.

Amanda filed a timely notice of appeal on August 27, 2008.

### III.

### DISCUSSION

A. *The court should have considered Amanda's petition for rehearing as to her status as a conservatee on the merits*

The trial court denied Amanda's petition for a rehearing on the issue of her status as a conservatee on the ground that she filed the petition before six months had elapsed since the conservatorship was established. In ruling on Amanda's section 5364 petition, the trial court relied on *Henreid, supra*, 59 Cal.App.3d 552, in which the court interpreted section 5364 to require that a conservatee wait six months after the imposition of the conservatorship before filing a petition to challenge the status of a conservatorship.

The relevant language of section 5364 provides: "At any time, the conservatee may petition the superior court for a rehearing as to his status as a conservatee. However, after the filing of the first petition for rehearing pursuant to this section, no further petition for rehearing shall be submitted for a period of six months."

Amanda contends that the only reasonable reading of the plain language of the statute is that the statute allows a conservatee to file an initial petition for rehearing "at any time." We agree with Amanda and reject the *Henreid* court's interpretation of the statute.

■ As Amanda correctly points out, the language of the statute clearly states that a conservatee may petition for a rehearing "at any time." It is only with regard to the filing of any *subsequent* petition that a six-month waiting period is imposed. The language of the statute is unambiguous. "Because the language of a statute is generally the most reliable indicator of the Legislature's intent, we look first to the words of the statute, giving them their ordinary meaning and construing them in context. If the language is unambiguous, we presume the Legislature meant what it said, and the plain meaning of the statute controls." (*People v. Hudson* (2006) 38 Cal.4th 1002, 1009 [44 Cal.Rptr.3d 632, 136 P.3d 168], citing *Fitch v. Select Products Co.* (2005) 36 Cal.4th 812, 818 [31 Cal.Rptr.3d 591, 115 P.3d 1233].)

The *Henreid* court acknowledged that the plain language of the statute does not require that a conservatee wait six months before filing an initial petition challenging his or her status: "It is true that a reading of the express language of section 5364 may support the literal construction urged by petitioner [i.e., that the petition may be filed at any time]." (*Henreid, supra*, 59 Cal.App.3d at p. 555.) The *Henreid* court also acknowledged the fact that a "lapse of six months" is required only "between a conservatee's filing of *successive petitions for a rehearing* of his status." (*Ibid.*) In our view, this should have been the end of the *Henreid* court's analysis. However, the *Henreid* court went on to provide its own construction of the relevant statutory language, concluding that the Legislature must have intended to require a conservatee to wait six months before filing an *initial* petition for rehearing because such a rule would better serve the purposes of the LPSA and would avoid what the *Henreid* court considered to be undesirable consequences. (59 Cal.App.3d at pp. 556–557.)

■ The *Henreid* court's reasoning is suspect in light of the actual consequences of giving the words their plain meaning. Because a conservatee is entitled to a new hearing every year (see § 5361), the six-month waiting period between petitions for rehearing means that a conservatee will be able to file no more than two section 5364 petitions for rehearing during a yearlong conservatorship. (*Baber v. Superior Court* (1980) 113 Cal.App.3d 955, 959 [170 Cal.Rptr. 353] (*Baber*).)

■ Further, the proceedings on a petition for rehearing under section 5364 differ from the proceedings on a petition to establish or reestablish a conservatorship under section 5350. Unlike proceedings to appoint or reappoint a conservator, at which the conservatee has the right to a jury trial and the state bears the burden of proving beyond a reasonable doubt that the conservatee is gravely disabled, at a rehearing, there is no right to a jury trial, and the burden is on the conservatee to prove that he or she is no longer gravely disabled. (See *Baber, supra*, 113 Cal.App.3d at p. 965.)

Contrary to the *Henreid* court's assertion, according a conservatee the "additional safeguard of being able to initiate up to two rehearings" (*Baber, supra*, 113 Cal.App.3d at p. 965) is not absurd, nor does it frustrate the purposes of the LPSA. In describing the statutory scheme, the Supreme Court and other courts have implicitly acknowledged a conservatee's right to file a section 5364 petition before waiting for six months to elapse. (See *Conservatorship of Ben C.* (2007) 40 Cal.4th 529, 541 [53 Cal.Rptr.3d 856, 150 P.3d 738] [noting that "[d]uring a one-year conservatorship, a conservatee may twice petition for rehearing" pursuant to § 5364]; *In re Gonzales* (1971) 6 Cal.3d 346, 349 [99 Cal.Rptr. 17, 491 P.2d 809] [conservatee "may himself petition the court at any time, but not more often than once each six months, for a rehearing as to his status as a conservatee"]; *Conservatorship of Kevin M.* (1996) 49 Cal.App.4th 79, 84 [56 Cal.Rptr.2d 765] [petition for rehearing "may be brought at any time, but no more frequently than every six months"]; *Baber, supra*, 113 Cal.App.3d at p. 965 [the "first rehearing can be demanded 'at any time' " under the statute].)

We conclude that the *Henreid* court's interpretation of section 5364 is not reasonable. Section 5364 means what it says—i.e., that after a conservatorship has been established, the conservatee may file an initial petition for rehearing to challenge his or her status as a conservatee "at any time." However, once a conservatee has filed an initial petition for rehearing, he or she must wait six months before filing another petition for rehearing concerning his or her status as a conservatee.

■ Because the trial court relied on *Henreid* to deny Amanda's section 5364 petition for rehearing and did not consider the petition on its merits, we reverse that portion of the trial court's order denying Amanda's petition for rehearing as to her status as a conservatee and remand the matter to the trial court to consider the petition on its merits. At the rehearing proceeding, Amanda will bear the burden to prove by a preponderance of the evidence that she is no longer gravely disabled. (*Conservatorship of Everette M.* (1990) 219 Cal.App.3d 1567, 1573 [269 Cal.Rptr. 182]; *Baber, supra*, 113 Cal.App.3d at p. 966.) Amanda has a right to the assistance of appointed counsel at the rehearing proceedings. (§ 5365.)

B. *There is substantial evidence to support the trial court's decision not to modify the special disabilities**

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

*See footnote, *ante*, page 1380.

## IV.

## DISPOSITION

The order of the trial court is reversed insofar as it denies Amanda's petition for rehearing regarding her status as conservatee. On remand, the trial court shall consider the petition on its merits and shall conduct further proceedings as may be necessary. The portion of the trial court's order denying Amanda's request for modification of her special disabilities is affirmed.

Haller, Acting P. J., and McIntyre, J., concurred.