Filed 6/8/15 P. v. Luster CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ANDREW STUART LUSTER,<br><br>    Defendant and Appellant. | 2d Crim. No. B248247<br>(Super. Ct. No. CR49259)<br>(Ventura County) |

A jury convicted Andrew Stuart Luster of multiple sex offenses committed against three women whom he had drugged. Appellant videotaped his sex acts with two of the women. During the trial, appellant fled the jurisdiction. In February 2003 he was sentenced in absentia to prison for 124 years. In June 2003 we dismissed his appeal without opinion because he was a fugitive from justice. In an unpublished opinion filed after appellant had been captured in Mexico, we denied his petition for rehearing and refused to reinstate his appeal. (*People v. Luster* (July 2, 2003) 2d Crim. No. B166741.) We take judicial notice of our unpublished opinion, which is attached as Appendix A.

In a 2013 habeas corpus proceeding, the superior court vacated appellant's 124-year prison sentence because the trial court had "failed to state specific reasons for imposing full consecutive sentences." The superior court resentenced him to prison for 50 years. Appellant appeals from the judgment entered upon resentencing.

We reject appellant's contention that the instant appeal encompasses not only issues relating to the resentencing, but also issues relating to the guilt phase of the trial that could have been raised in the original appeal had it not been dismissed. We limit our review to the resentencing issues.[1] We affirm.

*Review Is Limited to Resentencing Issues*

In an attempt to circumvent the effect of the dismissal of his original appeal, appellant argues that in the instant appeal he is entitled to obtain review of issues relating to the guilt phase of the trial. The argument is without merit. In the habeas corpus proceeding, his original sentence was vacated and he was resentenced. In all other respects, the convictions remain the same. This is similar to an appellate court's remand of a case to the trial court for the limited purpose of resentencing. In a subsequent appeal after resentencing, the appellate court may consider only issues relating to the resentencing. (*People v. Deere* (1991) 53 Cal.3d 705, 713.) The same principle applies here. Otherwise, appellant's original dismissed appeal would in effect be reinstated, and our 2003 unpublished opinion refusing to reinstate it would be a nullity. "[P]rinciples of res judicata and law of the case warrant us not reconsidering our prior decision. [Citations.]" (*Hutton v. Hafif* (2007) 150 Cal.App.4th 527, 550.) We are, of course, aware that we need not adhere to the "law of the case" doctrine if to do so would result in an "unjust decision." (See *People v. Shuey* (1975) 13 Cal.3d 835, 845-846.) There is nothing unjust about our adherence to our former opinion.

Accordingly, we will not consider appellant's second and third arguments as well as his ninth through twelfth arguments, which concern the guilt phase of the trial and could have been raised in the original appeal had it not been dismissed.

---

[1] Because the facts underlying appellant's convictions are not relevant to the resentencing issues, we omit the customary statement of facts.

2

*Constitutionality of Imposition of Full Consecutive*

*Terms Pursuant to Penal Code Section 667.6*

When the superior court resentenced appellant, it imposed full consecutive terms on 11 counts of rape by intoxication. (Pen. Code, § 261, subd. (a)(3).)[2] The 11 counts are counts 1, 2, and 3 committed on July 15, 2000, against C. Doe; counts 10 and 24 committed on December 2, 1997, against S. Doe; and counts 39, 49, 71, 75, 77 and 79 committed on October 17, 1996, against T. Doe. The consecutive terms were imposed pursuant to the mandatory language of section 667.6, subdivision (d), which provides: "A full, separate, and consecutive term *shall* be imposed for each violation of an offense specified in subdivision (e) if the crimes involve separate victims or involve the same victim on *separate occasions*." (Italics added.) Rape by intoxication is a subdivision (e)(1) offense.

The superior court noted that, if the imposition of full consecutive terms had not been mandatory under section 667.6, subdivision (d), it would have exercised its discretion to impose them pursuant to section 667.6, subdivision (c), which provides: "[A] full, separate, and consecutive term *may* be imposed for each violation of an offense specified in subdivision (e) if the crimes involve the same victim on the *same occasion*. A term may be imposed consecutively pursuant to this subdivision if a person is convicted of at least one offense specified in subdivision (e)." (Italics added.)

Without subdivisions (c) and (d) of section 667.6, each consecutive term would have been one-third of the middle term instead of a full term. (§ 1170.1, subd. (a); *People v. Rodriguez* (2012) 207 Cal.App.4th 204, 211.) Appellant contends that "the use of *section 667.6* here violated [his] *Sixth Amendment* right to a jury trial." Appellant argues that the jury, not the judge, must make "the 'separate occasion[s]' finding needed for the imposition of full consecutive sentences under *section 667.6 (d)* (or *section 667.6 (c)'s* requirement of 'same victim on [the] same occasion')."

A similar argument as to the "separate occasions" finding of section 667.6, subdivision (d) was rejected in *People v. King* (2010) 183 Cal.App.4th 1281, 1324: "King

---

[2] All statutory references are to the Penal Code.

contends that, because no jury made factual findings as to whether the four offenses took place 'on separate occasions,' . . . mandatory consecutive sentences are prohibited, as a violation of his right to jury trial. However, the United States and California Supreme Courts have held that the decision whether to run individual sentences consecutively or concurrently does not implicate the Sixth Amendment right to jury trial. (*Oregon v. Ice* (2009) 555 U.S. 160, [168] [172 L.Ed.2d 517, 522, 129 S.Ct. 711, 714-715]; *People v. Black* (2007) 41 Cal.4th 799, 820-823 . . . .)" In *Oregon v. Ice*, *supra*, 555 U.S. at p. 168, the United States Supreme Court noted: "The decision to impose sentences consecutively is not within the jury function that 'extends down centuries into the common law.' [Citation.]" Our California Supreme Court recently observed that "the *Ice* court determined" that the Sixth Amendment right to a jury trial does not apply "to sentencing decisions in which juries played no fact finding role at common law." (*People v. Mosley* (2015) 60 Cal.4th 1044.)

Appellant asserts that the "decision in *Oregon v. Ice* cannot be reconciled with the recent holding" in *Alleyne v. United States* (2013) __ U.S. __ [133 S.Ct. 2151, 186 L.Ed.2d 314]. There, the high court held "that facts that increase mandatory minimum sentences must be submitted to the jury." (***Id***., 133 S.Ct. at p. 2163.) Appellant maintains that, pursuant to section 667.6, subdivision (d), the trial court's "separate occasions" finding increased the mandatory minimum consecutive sentence from one-third the middle term to a full consecutive term. Therefore, the "separate occasions" finding must be made by the jury, not the judge.

The *Alleyne* holding does not affect appellant's consecutive sentencing. The defendant in *Alleyne* was convicted of using or carrying a firearm in relation to a crime of violence. The minimum term of imprisonment was five years if the firearm had not been brandished and seven years if it had been brandished. The jury made no finding on whether the defendant had brandished the firearm. The trial court found that he had brandished it and sentenced him to prison for seven years to life. The high court concluded "that the core crime and the fact triggering the mandatory minimum sentence together constitute a new, aggravated crime, each element of which must be submitted to

4

the jury." (*Alleyne v. United States*, *supra*, 133 S.Ct. at p. 2161.)  Here, in contrast, the fact triggering mandatory full consecutive terms - that appellant's crimes "involve the same victim on separate occasions" (§ 667.6, subd. (d)) - is not "an element of a distinct and aggravated crime" that must "be submitted to the jury and found beyond a reasonable doubt."  (*Id*., at p. 2163.)  Instead, it is a fact relating to the imposition of consecutive sentences "in which the jury traditionally played no part."  (*Oregon v. Ice*, *supra*, 555 U.S. at p. 163.)

*1994 Amendments of Section 261, Subdivision (a)(3)*

*Do Not Preclude Sentencing under Section 667.6*

Subdivision (a)(3) of section 261 defines the offense of rape by intoxication. Appellant makes a convoluted argument that, as a result of 1994 amendments of this subdivision, section 667.6 does not apply to rape by intoxication.  This is a matter of statutory construction.

"The objective of statutory construction is to determine the intent of the enacting body so that the law may receive the interpretation that best effectuates that intent. [Citation.]  'We first examine the words themselves because the statutory language is generally the most reliable indicator of legislative intent.  [Citation.]  The words of the statute should be given their ordinary and usual meaning and should be construed in their statutory context.'  [Citation.]  If the plain, commonsense meaning of a statute's words is unambiguous, the plain meaning controls.  [Citation.]"  (*Fitch v. Select Products Co.* (2005) 36 Cal.4th 812, 818.)

Section 667.6 unambiguously designates rape by intoxication as one of the offenses to which it applies.  Subdivision (e)(1) of section 667.6 provides: "(e) This section shall apply to the following offenses: [¶] (1) Rape in violation of paragraph (2), (3) [rape by intoxication], (6), or (7) of subdivision (a) of Section 261."  Thus, the plain meaning of the statute - that section 667.6 applies to rape by intoxication - controls.

5

*We Need Not Consider Whether the Rape by Intoxication*

*Offenses Were Committed on Separate Occasions*

Appellant contends that the trial court erred in finding that the rape-by-intoxication offenses were committed on "separate occasions" within the meaning of section 667.6, subdivision (d). We need not consider this issue. As an alternative basis for imposing full consecutive terms, the trial court determined that they were warranted under the discretionary provision of section 667.6, subdivision (c), which applies where "the crimes involve the same victim on the same occasion." (***Ibid***.) The trial court stated: "I want to make a finding at this time that the Court would impose the same sentence under Penal Code Section 667.6(c), the discretionary section, and the Court feels that there is good reason to do so even if these are not found to be separate occasions, even if they're found to be the same victim on the same occasion. [¶] . . . [¶] So if a higher court finds that these were not separate occasions each time he got up to adjust the camera, or adjust the lighting, or leaves the room, and it is the same victim on the same occasion, the Court would still impose the same sentence I have just imposed under the discretionary statute Penal Code section 667.6(c) . . . ." The court spent about five minutes "articulat[ing]" its reasons for imposing full consecutive terms pursuant to section 667.6, subdivision (c).

Appellant argues that section 667.6, subdivision (c) is inapplicable because "his crimes do not involve 'the same victim on the same occasion' " but instead involve multiple victims. "In a multiple victim case (as here)," appellant alleges, "the trial court is confined to use the procedure for consecutive sentences set out in *sections 1170.1 or 667*[.6, subdivision] *(d)*." We disagree. Insofar as section 667.6, subdivision (e) offenses, such as rape by intoxication, are committed against separate victims, a consecutive sentence for each subdivision (e) offense is mandatory pursuant to section 667.6, subdivision (d). The latter subdivision requires imposition of "[a] full, separate, and consecutive term . . . if the crimes involve separate victims . . . ." (***Ibid***.) Insofar as subdivision (e) offenses are committed against the "same victim on the same occasion" within the meaning of section 667.6, subdivision (c), consecutive sentences are

6

discretionary. Nothing in the language of section 667.6 suggests that, as appellant claims, subdivisions (c) and (d) are mutually exclusive rather than complementary.

*People v. Goodliffe* (2009) 177 Cal.App.4th 723, does not support appellant's position. There, the defendant pleaded no contest to four sexual offenses committed against four children. Only one of the offenses, count 9, was a section 667.6, subdivision (e) offense. The defendant's sentence included a discretionary full consecutive term on count 9 pursuant to section 667.6, subdivision (c). The appellate court concluded that the full consecutive term was unauthorized because the defendant's "crimes did not 'involve the same victim on the same occasion' as required by section 667.6, subdivision (c)." (**Id**., at p. 727.) Nothing in the *Goodliffe* opinion suggests that subdivisions (c) and (d) are mutually exclusive.

*Multiple Convictions for the Same Act of Rape*

For each act of rape, appellant was convicted of rape by intoxication in violation of subdivision (a)(3) of section 261 and rape of an unconscious person in violation of subdivision (a)(4) of section 261. In his opening brief, appellant argues that section 261 does not permit multiple convictions under these subdivisions for the same act of rape. In his reply brief, appellant concedes that multiple convictions are permissible pursuant to *People v. Gonzales* (2014) 60 Cal.4th 533, 539, which was decided after the filing of respondent's brief.

*Disposition*

The judgment is affirmed.

<u>NOT TO BE PUBLISHED.</u>

YEGAN, J.

We concur:

GILBERT, P.J.

PERREN, J.

7

NOT FOR PUBLICATION

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ANDREW STUART LUSTER,<br><br>    Defendant and Appellant. | 2d Crim. No. B166741<br>(Super. Ct. No. CR49259)<br>(Ventura County)<br>OPINION ON DENIAL<br>OF REHEARING AND ORDER |

By order filed June 10, 2003, this Court dismissed the appeal of Andrew Stuart Luster, without opinion, because he was a fugitive from justice. He had been sentenced in absentia on February 18, 2003. We dismissed the appeal on noticed motion after considering the opposition papers. (Cal. Rules of Court, Rule 4l, subs. (a) (b).) He now asks this court to grant rehearing and reinstate his appeal because he was captured on June 19, 2003, returned to California, and has commenced to serve his prison term.. As we shall explain, these subsequent events do not require reinstatement of the appeal. We issue this opinion on denial of rehearing to briefly explain why this appeal should remain dismissed. (See Witkin, Cal. Procedure (4th ed. 1997) vol. 9, § 856, pp. 889-890.)

"[A]n appellate court may employ dismissal as a sanction when a defendant's flight operates as an affront to the dignity of the court's proceedings." (*Ortega-Rodriquez* v. *United States* (1993) 507 U.S. 234, 246 [l22 L.Ed.2d 58l, 595].) "It is often said that a fugitive 'flouts' the authority of the court by escaping, and that dismissal is an appropriate sanction for this act of disrespect. (Citations.)" (*Id*., at p. 245 [122 L.Ed.2d at p. 595) Recapture of the fugitive before any appellate process has begun and which does not interfere with the efficient operation of the

**APPENDIX A**

8

appellate court may lead to reinstatement. (*Id.*, pp. 244-246 [122 L.Ed.2d at pp. 594-595] compare *Allen v. Georgia* (1897) 166 U.S. 138 [41 L.Ed. 949].)

Petitioner contends that "he did not flout the authority of the Court of Appeal but if the Attorney General is correct in his assertion that Luster fled intentionally then only the authority of the trial court was flouted." (Supp. to Petn. for Rehg. p. 7.) This is a myopic view of the record. Here there is the required nexus between appellant's fugitive status and the appellate process. (*Ortega-Rodriguez v. United States, supra,* 507 U.S. at pp. 249, 251 [122 L.Ed.2d at pp.597, 599.) Petitioner was originally incarcerated with the trial court setting bail at $10,000,000. In an unprecedented writ proceeding before this court, we were compelled to reduce bail because the court's order was a deprivation of the constitutional right to bail. We set bail at $1,000,000 along with other terms and conditions.

(B145l37, nonpublished opinion by Yegan, J.; Gilbert, P.J. and Perren, J. concurring.) Petitioner posted the bail, and complied with the other terms and conditions for approximately two years, but fled during jury trial.

Had petitioner voluntarily reappeared, he would have a much stronger argument for reinstatement of the appeal. By his flight to a foreign country, the inference is compelling that but for his capture he would be a fugitive to this day. That he is now serving his prison sentence and is once again subject to the court's power does not, standing alone, provide a compelling reason for reinstatement.

Our ruling denying the petition for rehearing 1. upholds the authority of the Court of Appeal and discourages the flouting of the criminal justice system, 2. discourages felony escape, 3. encourages voluntary surrender, 4. promotes the orderly administration of justice, and 5. protects the people from prejudice by the passage of time in the event of reversal on appeal. Petitioner knew, or should have known, that his flight could be viewed as a waiver or abandonment of a statutory right to appeal. (*Ortega-Rodriguez v. United States, supra,* 507 U.S. pp. 240 [122 L.Ed.2d at pp. 591-592].)

Petitioner places reliance on the recent per curiam opinion from division four of this court, *People* v. *Kang* (2003) 107 Cal.App.4th 43. The authorities relied upon by *Kang,* while instructive, do not require that the appeal be reinstated. (See *Auto Equity Sales Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455.) Moreover, we strongly disagree with *Kang's* assumption that

9

it is speculative that "dismissal discourages escape." (*People . Kang, supra,* 107 Cal.App.4th at p. 52.) To the contrary, and as the Attorney General points out, the *Kang* decision gives the defendant in a case such as this the incentive to flee because by doing so he has little to lose.

The petition for rehearing is denied.

NOT TO BE PUBLISHED.

YEGAN, J.

We concur:

GILBERT, P.J.

PERREN, J.

10

Kathryn Ann Stolz, Judge

Superior Court County of Ventura

_____

J. David Nick and E. Michael Linscheid, for Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Jaime L. Fuster, Joseph P. Lee, Deputy Attorneys General, for Plaintiff and Respondent.