[Crim. No. 6631. Fifth Dist. Mar. 26, 1984.]

THE PEOPLE, Plaintiff and Respondent, v.
MICHAEL HANS SELDOMRIDGE, Defendant and Appellant.

**[Opinion certified for partial publication.*]**

---

*Parts I and II of this opinion are not published because they do not meet the standards for publication contained in California Rules of Court, rules 976(b) and 976.1.

**COUNSEL**

Daniel T. Dauenhauer, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, W. Scott Thorpe and Augustus S.M.S. Lee, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**BROWN (G. A.), P. J.**—Appellant, Michael Hans Seldomridge, appeals from a judgment entered on a jury verdict finding him guilty of simple kidnaping (Pen. Code, § 207) and forcible oral copulation with a minor (Pen. Code, § 288a, subd. (c)). He raises two points: (1) the distance the minor was moved was insufficient to constitute kidnaping, and (2) the trial court erred in not permitting him to lay an evidentiary foundation for the admission of a polygraph test.

PARTS I-II*

·   ·   ·   ·   ·   ·   ·   ·   ·   ·   ·   ·   ·   ·   ·   ·   ·   ·   ·   ·   ·

PART III

■    The trial court expressly denied appellant the opportunity to present an evidentiary foundation regarding the admissibility and scientific reliability of polygraph testing in preparation for presenting the results of appellant's polygraph test. He argues the ruling was prejudicial error. (See *Witherspoon* v. *Superior Court* (1982) 133 Cal.App.3d 24 [183 Cal.Rptr. 615]; *People* v. *Adams* (1975) 53 Cal.App.3d 109 [125 Cal.Rptr. 518].)

Since the trial of this cause (May 4-5, 1982), the Legislature enacted Evidence Code section 351.1 (Stats. 1983, ch. 202, § 1, p. —). This section expressly prohibits the admission of any evidence regarding polygraph tests absent a stipulation of all parties.

■    Changes in rules of evidence and procedure are not ex post facto unless they deprive the defendant of some substantial protection or right. (*People* v. *Smith* (1983) 34 Cal.3d 251 [193 Cal.Rptr. 692, 667 P.2d 149]; *People* v. *Bradford* (1969) 70 Cal.2d 333 [74 Cal.Rptr. 726, 450 P.2d 46]; 5 Witkin, Summary of Cal. Law (8th ed. 1974) Constitutional Law, § 259, pp. 3548-3549.) Generally, retroactive changes in evidence or procedure must have the effect of changing the prosecution's burden of proof or lessening the amount of evidence necessary to convict before ex post facto considerations are implicated. (*Calder* v. *Bull* (1798) 3 U.S. (3 Dall.) 386 [1 L.Ed. 648]; *DeWoody* v. *Superior Court* (1970) 8 Cal.App.3d 52, 56 [87 Cal.Rptr. 210].) However, changes in evidentiary rules which broaden or narrow the class of persons competent to testify are not deemed ex post facto in operation. (*People* v. *Bradford, supra,* 70 Cal.2d 333, 343-344, fn.

---

*See footnote, *ante,* page 362.

5.) For example, a statute permitting the introduction of a defendant's letters for comparison of handwriting (*Thompson* v. *Missouri* (1898) 171 U.S. 380 [43 L.Ed. 204, 18 S.Ct. 922]) and statutes enlarging the class of persons competent to testify by permitting testimony of felons (*Hopt* v. *Utah* (1884) 110 U.S. 574 [28 L.Ed. 262, 4 S.Ct. 202]) are not ex post facto; nor is a change in a rule of evidence relating to the proof of death of a victim of homicide allowing a period of three years and a day instead of one year and a day (*People* v. *Snipe* (1972) 25 Cal.App.3d 742 [102 Cal.Rptr. 6, 60 A.L.R.3d 1316]).

We conclude, therefore, that assuming appellant could lay a proper foundation and assuming the court would have admitted the evidence, a statute which would operate to exclude such evidence enacted after the date of the event but before the trial would merely change the type of evidence admissible and would not implicate ex post facto considerations.

Accordingly, at a new trial appellant would not be permitted to introduce the offered polygraph evidence. Reversal on the ground that the evidence should have been admitted when it would not be available to appellant on a retrial would be a useless and futile act and would be of no benefit to appellant.

The judgment is affirmed.

Zenovich, J., and Hanson (P. D.), J., concurred.