Filed 4/13/22  P. v. Bellows CA2/2
Opinion following transfer from Supreme Court

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B306995 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. TA130645) |
| v. | |
| PATRICIA BELLOWS, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Patrick Connolly, Judge.  Affirmed.

Spolin Law and Aaron Spolin for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Scott A. Taryle and Chung L. Mar, Deputy Attorneys General, for Plaintiff and Respondent.

* * * * * *

Defendant and appellant Patricia Bellows (defendant) appealed from the summary denial of her petition for resentencing under Penal Code section 1170.95.[1]  After we affirmed the trial court's order the California Supreme Court granted review and transferred the matter to this court with directions to vacate its decision and reconsider the cause in light of Senate Bill No. 775 (2021-2022 Reg. Sess.) (Senate Bill 775) and *People v. Lewis* (2021) 11 Cal.5th 952 (*Lewis*).  We have reviewed the parties' supplemental briefs and hereby vacate our prior decision.  After reconsideration of the issues, we again affirm the trial court's order.

## BACKGROUND

### 2014 conviction

In 2014, a jury convicted defendant of two counts of attempted murder in violation of sections 664 and 187, subdivision (a), and one count of shooting at an inhabited dwelling in violation of section 246.  The jury found true the allegations that the attempted murders were willful, deliberate, and premeditated; that a principal personally and intentionally discharged a firearm; and that the crimes were committed for the benefit of, at the direction of, or in association with a criminal street gang.  Defendant admitted prior convictions alleged under the "Three Strikes" law (§§ 667, subds. (b)-(j), 1170.12, subds. (a)-(d)), and she was sentenced to a total aggregate prison term of 85

---

[1]  All further statutory references are to the Penal Code, unless otherwise indicated.

2

years to life.  In 2016, this court affirmed the judgment on appeal *People v. Bellows* (June 24, 2016, B264633) (nonpub. opn.) (*Bellows I*),[2] and the California Supreme Court denied review (*People v. Bellows* (Oct. 12, 2016, S236217)).

**Trial evidence**

Defendant and her brother Norvalle Willis, both gang members, attended a house party where Willis got into an argument with the host, "Boli."  Party guests then joined in beating Willis.  When defendant and two friends came to his assistance a guest beat defendant as well.  (*Bellows I*, *supra*, B264633.)  A few days later defendant drove two other (male) members of her gang in her mother's SUV to the site of the party.  When they arrived about 2:30 a.m., one of the men knocked on the door of the house.  When Boli's mother and her boyfriend came to a window, the man asked for Boli and then fired a gun six to eight times toward the house.  (*Ibid*.)  Nearby police officers heard the gunfire and soon saw defendant's SUV leaving the area.  The officers pursued the vehicle and eventually detained and arrested defendant and the two male suspects.  (*Ibid*.)

**Appeal from the 2014 judgment**

In her appeal from the 2014 judgment defendant contended that substantial evidence did not support her conviction as an aider and abettor of the attempted murders because the evidence was insufficient to prove that she shared the shooter's intent to kill.  (*Bellows I*, *supra*, B264633.)  The trial court had refused the prosecution's request to instruct regarding the natural and

---

[2]     We take judicial notice of our appellate opinion affirming the 2014 judgment and summarize the procedural facts and evidence from the opinion, as the parties have done here.

3

probable consequences theory of aiding and abetting and instructed solely on principles of direct aiding and abetting. Defendant argued that the evidence supported only the natural and probable consequences theory with a target crime of shooting at the house. We disagreed and found that substantial evidence supported the jury's finding that defendant knew and shared the shooter's intent to kill at the time she directly aided and facilitated the crime. (*Ibid.*)

**The 1170.95 petition**

In February 2020, defendant petitioned for resentencing on her attempted murder convictions under section 1170.95. On June 23, 2020, the trial court denied the petition after finding her ineligible as a matter of law as attempted murder convictions were then ineligible for vacatur and resentencing under the statute and because defendant had not been convicted under the natural and probable consequences doctrine.

Defendant appealed the order to this court, contending that the trial court erred in concluding that section 1170.95 was not applicable to a conviction of attempted murder, and though the jury was not explicitly instructed with the natural and probable consequences doctrine, based on the evidence it was the only possible theory on which she could have been convicted.

We held that section 1170.95 did not then provide a procedure to vacate an attempted murder conviction. We also held that even if it did, defendant would not, as a matter of law, qualify for relief as she was not convicted under a natural and probable consequences theory.

While the matter was pending before the California Supreme Court, the Legislature passed Senate Bill 775. Effective January 1, 2022, section 1170.95 was amended to permit certain

of those convicted of attempted murder to seek relief.  (Stats. 2021, ch. 551, § 2.)

## DISCUSSION

Since January 1, 2022, section 1170.95 permits those convicted of attempted murder to petition to have the conviction vacated and to be resentenced if, as relevant here, (1) "[a] complaint, information, or indictment was filed against [her] that allowed the prosecution to proceed . . . under the natural and probable consequences doctrine," (2) she "was convicted of . . . attempted murder . . . following a trial," and (3) she "could not presently be convicted of . . . attempted murder because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1170.95, subd. (a).)

Where a petition alleges all three conditions (as defendant's petition has done here), the trial court appoints counsel, entertains briefing by both parties, and then "proceeds to subdivision (c) to assess whether the petitioner has made 'a prima facie showing' for relief.  (§ 1170.95, subd. (c).)" (*Lewis, supra*, 11 Cal.5th at p. 960; see *id*. at p. 962.)

If the court determines a prima facie showing has been made, it issues an order to show cause and then holds an evidentiary hearing pursuant to subdivision (d) to determine whether to vacate the conviction and resentence the petitioner.

Defendant contends that the order denying the petition should be reversed and remanded for a proceeding under section 1170.95, subdivision (c), again arguing that when she was convicted of attempted murder, the jury must have "constructively used" the natural and probable consequences doctrine, because the evidence at her trial was insufficient to prove that she shared the shooter's intent to kill.  The

5

prosecution counters that reversal is unwarranted because defendant is still unable to make a prima facie showing of eligibility because she remains ineligible for relief as a matter of law.  We agree.

At the section 1170.95, subdivision (c) prima facie stage, the trial court may examine the record of conviction, which includes the appellate opinion.  (*Lewis, supra*, 11 Cal.5th at p. 972.)  If the record of conviction shows that the petitioner is ineligible for relief as a matter of law, no prima facie showing can be made, and the petition is properly denied.  (*Id*. at p. 971.)  Where no jury instructions were given regarding felony murder or natural and probable consequences, a petitioner is ineligible for relief as a matter of law.  (*People v. Daniel* (2020) 57 Cal.App.5th 666, 677.)  Defendant does not claim that she was charged with felony murder, and she acknowledges that no jury instructions regarding the natural and probable consequences theory were given at her trial.  Defendant thus cannot make a prima facie showing of eligibility under section 1170.95.

In addition, defendant's argument that the jury must be deemed to have constructively used a natural and probable consequences theory of attempted murder because the evidence of direct aiding and abetting was insufficient was raised and rejected in *Bellows I, supra*, B264633.  Defendant's jury was instructed that in order to find her liable for attempted murder, it must find that she was a direct aider and abettor who knew and shared the actual killer's intent to kill.  As defendant's jury convicted her of attempted murder, it necessarily found beyond a reasonable doubt that defendant intended to kill in aiding and abetting the attempted murder.  On appeal, we determined that substantial evidence supported the jury's findings.  Defendant

6

may not relitigate the jury's finding in a section 1170.95 proceeding.  (See *People v. Farfan* (2021) 71 Cal.App.5th 942, 947.)  "'The purpose of section 1170.95 is to give defendants the benefit of amended sections 188 and 189 with respect to issues not previously determined, not to provide a do-over on factual disputes that have already been resolved.'"  (*Ibid.*)

Finally, "to obtain relief . . . under section 1170.95, a petitioner must make a prima facie showing that he or she '*could not* [presently] be convicted of [attempted] murder *because of* changes to Section 188 or 189' made by Senate Bill No. 1437." (*People v. Farfan, supra*, 71 Cal.App.5th at p. 954, quoting § 1170.95, subd. (a)(3).)  Defendant cannot do so.  Prior to the amendments to sections 188 and 189, one who with the intent to kill directly aided and abetted the perpetrator's attempted murder would be guilty of attempted murder.  (*People v. Lee* (2003) 31 Cal.4th 613, 624.)  After the changes to sections 188 and 189, one who with the intent to kill, directly aids and abets the perpetrator's attempted murder can be found guilty of attempted murder.  (See *People v. Rodriguez* (2022) 75 Cal.App.5th 816, 823-824.)  Thus the record of conviction refutes, as a matter of law, the allegation in defendant's petition that she "could not presently be convicted of . . . attempted murder because of changes to Section 188 or 189 made effective January 1, 2019."  (§ 1170.95, subd. (a)(3).)

If we reversed the order denying the petition and remanded for proceedings under subdivision (c) of section 1170.95, as defendant asks, defendant would be unable to make the required prima facie showing.  Thus reversal and remand with instructions to the trial court to proceed according to section 1170.95, subdivision (c) would be an exercise in futility.  Reversal

7

for further proceedings is unwarranted when it would be "a useless and futile act and would be of no benefit to appellant." (*People v. Seldomridge* (1984) 154 Cal.App.3d 362, 365.)

## DISPOSITION

The order denying the petition is affirmed.

_____
CHAVEZ, J.

We concur:

_____
ASHMANN-GERST, Acting P. J.

_____
HOFFSTADT, J.