Filed 6/23/22  Haghighi v. Mercury Casualty Co. CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| AHMAD HAGHIGHI, | |
| Plaintiff and Appellant, | E074669 |
| v. | (Super.Ct.No. CIVDS1803392) |
| MERCURY CASUALTY COMPANY, | OPINION |
| Defendant and Respondent. | |

APPEAL from the Superior Court of San Bernardino County.  Brian S. McCarville, Judge.  Affirmed.

Law Office of Kaveh Keshmiri and Kaveh Keshmiri for Plaintiff and Appellant.

Wesierski & Zurek, Christopher P. Wesierski, Laura J. Barns, and Mary H. Kim, for Defendant and Respondent.

Plaintiff and appellant Ahmad Haghighi owns and manages an apartment building.  He filed a claim with his insurance company, defendant and respondent Mercury Casualty Company (Mercury), contending that the property had been vandalized.  Haghighi and Mercury disagreed about the appropriate amount to be paid on the claim,

1

and Haghighi brought suit. The trial court granted nonsuit in favor of Mercury on two of Haghighi's three causes of action (the second and third causes of action asserted in his complaint), and a jury returned a defense verdict on the remaining cause of action (the first cause of action in the complaint).

In this appeal, Haghighi contends the grant of nonsuit was erroneous and the matter should be remanded for retrial of those two causes of action. We affirm, finding that Haghighi failed to demonstrate prejudice, even if the nonsuit grant was erroneous, because the jury's defense verdict on the first cause of action necessarily precludes a verdict in Haghighi's favor on the other two.

BACKGROUND

Haghighi owns a two-story, four-unit apartment building in Barstow, California. According to Haghighi, someone vandalized the property on August 3, 2016. At the time, only one of the units was rented out, and that tenant had been out of town on that date. Haghighi had managed the property himself beginning in January 2016, and he testified that from that time he stayed in a second unit two or three days a week, when he came to the property from his home in Los Angeles. According to Haghighi, the damage from the August 3, 2016 vandalism was profound. In addition to substantial breakage and theft, the vandals caused flooding, including by stealing dishwashers and copper pipes for the water heater, leaving water "spewing all over the place." The flooding caused, among other things, the ceiling of one of the lower units to collapse.

2

Haghighi reported the damage and filed a claim with Mercury on September 29, 2016.  Mercury, based on an inspection by an adjuster it hired, concluded most of the claimed damage was not from a single incident of vandalism, but instead "long term water damage, incomplete repairs, and wear and tear."  It found no evidence that Haghighi in fact resided at the property, meaning that the policy's vacancy provision probably applied, such that no payments for damages from vandalism were required under the policy.  Nevertheless, Mercury initially made a payment to Haghighi of $11,004.66.  Haghighi objected, demanding $258,962, based on an estimate he obtained.  Although that estimate was purportedly for repairs needed "to return" the property to a "pre vandalism state," the adjuster viewed the estimate as representing a "complete renovation" of the property, including improvements.  After a reinspection with another general contractor hired by Mercury—Haghighi was invited to also bring a contractor of his own to the reinspection, but he did not do so—Mercury made an additional payment to Haghighi, bringing the total payment to $19,330.98.  Haghighi later provided Mercury with a second estimate by a different company, for $238,850.  Mercury was not persuaded to make any additional payments on the claim, and Haghighi brought this lawsuit.

Haghighi's complaint asserts three causes of action:  (1) breach of contract; (2) bad faith denial of insurance benefits; and (3) breach of the implied covenant of good faith and fair dealing.  At trial, after Haghighi had presented his evidence, Mercury moved for nonsuit as to all three causes of action.  The trial court granted the motion as to

the second and third causes of action, finding that there was a "genuine dispute as to what was covered and/or damaged," but finding no evidence ("not even a scintilla") of "inappropriate conduct" that might justify a finding of bad faith. The jury found in favor of Mercury on the first cause of action, for breach of contract.

DISCUSSION

Haghighi contends that the trial court's grant of nonsuit on his second and third causes of action was erroneous, so the matter should be remanded for retrial on those two causes of action. Importantly, however, he has not attempted to articulate any reason why the jury's verdict in favor of Mercury on his first cause of action for breach of contract should be disturbed. As such, any error by the trial court in granting nonsuit on the second and third causes of action is harmless and could not justify reversal.

To secure a reversal of the trial court's ruling on the motion for nonsuit, Haghighi would have to show it is reasonably probable that he would have received a more favorable result had the error not occurred. (*Cassim v. Allstate Ins. Co.* (2004) 33 Cal.4th 780, 800 [error justifies reversal in a civil action only if it is reasonably probable a different result would have been reached absent the error]; see Cal. Const., art. VI, § 13 "[n]o judgment shall be set aside, or new trial granted, in any cause . . . for any error as to any matter of procedure unless, after an examination of the entire cause, including the evidence, the court shall be of the opinion that the error complained of has resulted in a miscarriage of justice"]; Code Civ. Proc., § 475 ["[n]o judgment, decision, or decree shall be reversed or affected by reason of any error, ruling, instruction, or defect, unless it shall

4

appear from the record that such error, ruling, instruction, or defect was prejudicial . . . and that a different result would have been probable if such error, ruling, instruction, or defect had not occurred or existed"].)

The implied covenant of good faith and fair dealing is part of every contract, requiring that neither party do anything to interfere with the other party's right to receive the benefits of the agreement.  (See *Howard v. American National Fire Ins. Co.* (2010) 187 Cal.App.4th 498, 528.)  Generally, compensation for breach of the implied covenant is limited to contract remedies.  (*Foley v. Interactive Data Corp.* (1988) 47 Cal.3d 654, 684.)  In the context of insurance contracts, however, "for a variety of policy reasons, courts have held that breach of the implied covenant will provide the basis for an action in tort."  (*Ibid.*)  "[A]n insurer's denial of or delay in paying benefits gives rise to tort damages only if the insured shows the denial or delay was unreasonable."  (*Wilson v. 21st Century Ins. Co.* (2007) 42 Cal.4th 713, 723.)  "'[A]n insurer denying or delaying the payment of policy benefits due to the existence of a genuine dispute with its insured as to the existence of coverage liability or the amount of the insured's coverage claim is not liable in bad faith even though it might be liable for breach of contract.'"  (*Ibid.*)

Haghighi, it seems, conceives of his second cause of action as expressing a tort claim, while his third cause of action expresses an alternative contract claim.  Both the second and third causes of action, however, are grounded in the same facts and the same underlying primary right—the right to good faith and fair dealing by Mercury.  Thus, what Haghighi has framed as two separate causes of action is more properly a single

5

cause of action, for which two types of remedies are potentially available. (See *Crowley v. Katleman* (1994) 8 Cal.4th 666, 681 ["a 'cause of action' is comprised of a 'primary right' of the plaintiff, a corresponding 'primary duty' of the defendant, and a wrongful act by the defendant constituting a breach of that duty"]; *Behnke v. State Farm General Ins. Co.* (2011) 196 Cal.App.4th 1443, 1469 [treating "bad faith denial of insurance benefits" and "covenant of good faith and fair dealing" as interchangeable].)

A prerequisite for establishing a violation of that primary right (however framed) is proof that the defendant insurer breached the insurance contract. "[T]here are at least two separate requirements to establish breach of the implied covenant: (1) benefits due under the policy must have been withheld; and (2) the reason for withholding benefits must have been unreasonable or without proper cause." (*Love v. Fire Ins. Exchange* (1990) 221 Cal.App.3d 1136, 1151; see also *Brodkin v. State Farm Fire & Casualty Co.* (1989) 217 Cal.App.3d 210, 218 ["there could be no cause of action for breach of the covenant of good faith or of any statutory duty" if the insurer properly denied the claim under the policy]; *California State Auto. Assn. Inter-Ins. Bureau v. Superior Court* (1986) 184 Cal.App.3d 1428, 1433 [no award for bad faith can be made "without first establishing that coverage exists"]; *Behnke v. State Farm General Ins. Co.*, *supra*, 196 Cal.App.4th at p. 1470 ["as [plaintiff] has no viable breach of contract claim against [the insurer] . . . , his claim for bad faith denial of insurance benefits fails as a matter of law"].) As our Supreme Court has explained, "the covenant is implied as a supplement to the express contractual covenants [....] Absent that contractual right, however, the

6

implied covenant has nothing upon which to act as a supplement, and 'should not be endowed with an existence independent of its contractual underpinnings.'" (*Waller v. Truck Ins. Exchange, Inc.* (1995) 11 Cal.4th 1, 36.)

Applying these principles here, Haghighi cannot make the necessary showing that the judgment would have been any different had the trial court ruled differently on Mercury's motion for nonsuit. The jury decided in favor of Mercury on Haghighi's breach of contract claim. That finding, unchallenged on appeal, is fatal to his contention that Mercury acted in bad faith, no matter whether framed as a tort claim or contract claim. If Haghighi's second and third causes of action had also been allowed to go to the jury, the result necessarily would have been the same; judgment in favor of the defense. Similarly, the preclusive effect of the jury's verdict on the contract claim would make any remand futile, since Haghighi could not prevail in any retrial of the bad faith issue. (See *People v. Seldomridge* (1984) 154 Cal.App.3d 362, 365 [we will not reverse for further proceedings when to do so would be "a useless and futile act and would be of no benefit to appellant"]; see also *Lindeleaf v. Agricultural Labor Relations Bd.* (1986) 41 Cal.3d 861, 876 [refusing to remand for futile act]; *Charles H. Duell, Inc. v. Metro-Goldwyn-Mayer Corp.* (1932) 128 Cal.App 376, 385 ["it remains a rule of appellate procedure that a reviewing court will not remand a case where further proceedings therein would be futile"].)

Thus, we need not decide whether the trial court erred in granting nonsuit in favor of Mercury on Haghighi's second and third causes of action.  Reversal would be inappropriate, even assuming error.

## DISPOSITION

The judgment is affirmed.  Mercury is awarded costs on appeal.

NOT TO BE PUBLISHED FOR OFFICIAL REPORTS

RAPHAEL
J.

We concur:

McKINSTER
Acting P. J.

MENETREZ
J.